IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


EDWARD W. DOSS, JR.                                                        PETITIONER


VS.                              CASE No. 6:11-cv-6092


RAY HOBBS, Director,
Arkansas Department of Correction                                    RESPONDENT


## <u>ORDER</u>

Before the Court is the Report and Recommendation filed August 7, 2012 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 10). Judge Bryant has examined Petitioner's Petition for Writ of *Habeas Corpus* (ECF No. 1), and Respondent's Response (ECF No. 7). Judge Bryant recommends the Petition be denied. Petitioner has filed an objection to Judge Bryant's report. (ECF No. 11). After conducting a *de novo* review of the record, the Court adopts Judge Bryant's Report and Recommendation as its own.

Petitioner filed his Petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 claiming he was unlawfully incarcerated after pleading guilty to two counts of rape in the Circuit Court of Arkansas County, Arkansas. Specifically, Petitioner asserts that the applicable statute of limitations had expired by the time he was charged with the underlying offense. Petitioner also claims that the trial court failed to rule on his motion to dismiss before accepting his guilty plea, and that his counsel in the state *habeas* proceeding failed to advance his full argument before the courts. Respondent argues that Petitioner's claims are time barred by 28 U.S.C. § 2244(d)(1)(A). Judge Bryant recommends the Petition be denied because (1) the one-year statute of limitations

had run pursuant to § 2244(d)(1); and (2) Petitioner failed to present sufficient facts to allow for equitable tolling of the statute.

Petitioner objects on both grounds. First, Petitioner argues that the tolling provision under § 2244(d)(2) precludes dismissal because he had a pending application for state post-conviction review, and he attempted to file a petition in this Court within a year of his state *habeas* proceedings. Second, Petitioner argues that the statute should be equitably tolled because "extraordinary circumstances"—the fact that he was given poor advice from "inept jailhouse lawyers"—prevented him from timely filing the Petition in this Court.

The timeline of events relevant to the disposition of this case is as follows:

- August 26, 2003 – Petitioner pled guilty to two counts of rape in the Circuit Court of Arkansas County, Arkansas.

- September 3, 2003 – The state court entered its judgment and commitment order.

- August 31, 2006 – Petitioner filed a petition for writ of *habeas corpus* in the Circuit Court of Hot Spring County, Arkansas.

- September 4, 2007 – The state court denied the petition for writ of *habeas corpus*.

- April 29, 2010 – The Arkansas Supreme Court affirmed the denial of the petition for writ of *habeas corpus*.

- April 27, 2011 – Petitioner attempted to "appeal" the decision of the Arkansas state courts to the United States District Court.

- August 3, 2011 – the Court returned the notice of appeal to Petitioner with instructions that there is no direct appeal from the Arkansas Supreme Court to the United States District Court.

- September 15, 2011 – Petitioner filed the instant Petition for *habeas corpus* relief pursuant to § 2254.

Petitioner's first objection to Judge Bryant's report lacks merit because the applicable statute of limitations had run on his *habeas* claims. Petitioner attempts to avoid dismissal by

asserting that the tolling provision in § 2244(d)(2) excludes from the period of limitation any time during which a prisoner has a pending application for state post-conviction review. Here, however, the statute had run before Petitioner took any state court action to toll it.

The state court entered a judgment against Petitioner on September 3, 2003. The state of Arkansas provides a criminal defendant with 30 days to file a notice of appeal. *See* ARK.R.APP.P.–CRIM. 2(a). Petitioner did not appeal the state court judgment.[1] Under § 2244(d)(1)(A), the one-year statute of limitations was triggered once Petitioner's opportunity to appeal expired. That date was October 3, 2003. Therefore, Petitioner had until October 3, 2004 to file a proper petition for writ of *habeas corpus* in this Court, or otherwise take action to toll the statute. Petitioner filed his petition for writ of *habeas corpus* in the Arkansas state court on August 31, 2006, nearly two years after the § 2244 statute of limitations had run. Because Petitioner filed his state court petition after the limitation period, the tolling provision does not apply, and Petitioner's objection to Judge Bryant's report is unpersuasive.

Petitioner's second objection regarding equitable tolling also lacks merit. Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). This is "an exceedingly narrow window of relief" from the statute of limitations in § 2244(d)(1). *Riddle v. Kemna,* 523 F.3d 850, 857 (8th Cir. 2008). Generally, a litigant must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.*

Poor advice from a jailhouse lawyer is not a sufficient "extraordinary circumstance" to trigger equitable tolling of the statute. Petitioner's blanket assertion of such bad advice is also not enough to show he has been pursuing his rights diligently. Petitioner fails to identify any

---

[1] Petitioner, in fact, waived his right to appeal as part of his plea agreement.

details about the so-called inept legal advice he received from jailhouse lawyers, such as when he received that advice, or why that advice caused him to delay filing any application for post-conviction relief in this court, or in state court, until nearly two years after the statute of limitations had run under § 2244(d)(1)(A). Despite his assertions that he lacked an understanding of certain procedures, his general lack of diligence in pursuing his rights from September 2003 to August 2006 is evident.[2] Accordingly, Petitioner's objection to Judge Bryant's report is unpersuasive.

Based on the information in Judge Bryant's Report and Recommendation (ECF No. 10), and the reasoning in this Order, the Court adopts Judge Bryant's Report and Recommendation in its entirety. Therefore, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED, this 28th day of September, 2012.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge

---

[2] Petitioner cites numerous cases outside of the Eighth Circuit, such as *Langella v. Bush*, 306 F.Supp.2d 459, 467 (S.D.N.Y.), where a *pro se* petitioner missed the deadline to file by only a few days, and the court found exceptional circumstances existed. Petitioner's case, however, is quite different because Petitioner waited almost 23 months before taking any action towards his post-conviction relief.